UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICKOLAS GORDON KJELDERGAARD,

Plaintiff,

v.

EASMON, et al.,

Defendants.

No. 2:22-cv-01283-WBS-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On January 12, 2023, the court dismissed plaintiff's complaint for failing to state a claim, but granted him leave to amend. ECF No. 9. In this screening order, plaintiff was provided with the appropriate legal standards governing his potential claims for relief. Id. Plaintiff has filed a first amended complaint that is now before the court for screening.

**I. Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**II. Allegations in the Amended Complaint**

At all times relevant to the allegations in the first amended complaint, plaintiff was an inmate at the California Correctional Center. Named as defendants in this action are two officers at the prison and the Office of Internal Affairs.

Plaintiff contends that on May 8, 2021, defendant Easmon directed an entire dorm of inmates to "jump" plaintiff or he would continue to search cells on the unit. After plaintiff had been attacked and moved to administrative segregation, defendant Kosub unlocked plaintiff's locker and gave all of his property away to other inmates. The Office of Internal Affairs chose to cover up defendant Easmon's misconduct and failed to conduct an investigation. Based on these facts, plaintiff raises state law claims against defendants for violating various provisions of the California Government Code, the Bane Act, and the California Civil and Penal Codes. There is no alleged violation of plaintiff's federal constitutional rights in the amended complaint.

**III. Analysis**

Once original jurisdiction is established, federal courts have supplemental jurisdiction over state law claims that "are so related to claims in the action… that they form part of the same case or controversy." 28 U.S.C. § 1367. Here, there are no federal constitutional violations alleged in the complaint that would establish federal court jurisdiction. Although plaintiff alleges that defendant Easmon told other inmates to attack him, the amended complaint does not provide any additional details about this incident. Plaintiff's original complaint suffered from this same defect. Even after being provided the relevant Eighth Amendment standard for a potential federal claim, plaintiff still did not provide any facts upon which this court can discern any constitutional violation committed by any defendant. For all these reasons, the undersigned recommends dismissing plaintiff's first amended complaint for failing to state a claim. See 28 U.S.C. § 1915A(b)(1).

**IV. Leave to Amend**

Once the court finds that a complaint or claim should be dismissed for failure to state a

claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06. It appears to the court that further amendment of this case would be futile because the deficiencies have not been cured despite being given prior leave to amend. Therefore, the undersigned recommends that the amended complaint be dismissed without further leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your first amended complaint and determined that it does not state any federal claim for relief against any defendant. Absent any federal claim, this court does not have supplemental jurisdiction over any state law claims. The undersigned is recommending that your amended complaint be dismissed without further leave to amend.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without further leave to amend; and,
2. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 20, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kjel1283.F&R.FAC